## SZEWCZYK v. PENNSYLVANIA R. CO.

### Civ. A. No. 6971.

United States District Court
W. D. Pennsylvania.

Oct. 1, 1948.

Robert B. Ivory, of Pittsburgh, Pa., for plaintiff.

Bruce R. Martin, of Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

The jury in this action returned a verdict in favor of the plaintiff in the sum of $9,000. The action is now before us on defendant's motion to set aside the verdict and the judgment entered thereon and for a new trial. Eight reasons are assigned in the motion in support thereof, some of which were argued and some were not.

The defendant in this action is a railroad company engaged in interstate commerce. It has yards in the city of Pittsburgh and in that yard or yards it unloads freight, taking the freight from the loaded cars to a platform or platforms, or to other cars. In so doing trucks are used.

Plaintiff was an employee of the defendant and as such employee, on the night of May 22, 1947, was engaged in the unloading of a car by the use of a truck. While unloading a car and taking a truck from the car to the platform, his leg was injured by coming between the loaded truck and a truck standing on the platform. He received injuries as a result.

The floor of the car in which plaintiff was working was about ten inches higher than the adjoining platform. Plaintiff was walking backwards at one end of the truck. Another employee walked frontwards at the other end.

Plaintiff alleges in his complaint that this accident was caused by placing the empty truck on the platform at the place in which plaintiff came in contact with it; in failure to warn plaintiff that said empty truck was on the platform; in failure to supply adequate light in and about the place in which the plaintiff worked; in failure to halt the movement of the loaded truck which was being pushed by one of plaintiff's fellow

employees in time to prevent the accident and by failing to furnish a reasonably safe place to work.

There was evidence to support the foregoing averments of negligence, namely, the placing of the empty truck on the platform at the place of the accident, of failure to warn plaintiff of said fact; of failure to furnish adequate light at the place of the accident and of the action of the fellow servant at the opposite end of the truck. This evidence raised the issue whether the accident in this case was caused by the negligence of the defendant or its agents, servants and employees; also whether the accident was caused by the contributory negligence of the plaintiff.

These issues were questions for the jury as also was the question of damages by reason of impairment of earning power or loss of wages. The jury decided these issues in favor of the plaintiff. I believe that their finding should not be disturbed and that the motion to set aside the verdict and for a new trial should be refused.

Let a suitable order be prepared and submitted.